This is an appeal from a judgment of the Circuit Court of the First Judicial District of Hinds County affirming a two to one decision of the Mississippi Workmen's Compensation Commission which allowed benefits to the dependents of William Roundtree.
Roundtree was employed as a taxicab driver by Dotty Cab Co., usually kept the cab twenty-four hours a day, and was permitted to use it for personal business. Ordinarily, Roundtree worked until three or four o'clock a.m. At approximately 11:00 o'clock p.m. on April 21, 1979 the radio dispatcher for the company instructed Roundtree to pick up a fare on Bell Street. Between one and two hours later, the police found Roundtree and another man who had been killed by gunshot wounds to their heads. The bodies of both men were found about one block away from the cab Roundtree was driving and the doors of the cab were locked. There was no evidence of robbery and the homicides have not been solved. It was not determined whether the man found dead with Roundtree was a passenger. In their investigation the police questioned a person living at the address on Bell Street where Roundtree was supposed to pick up a fare, but the person questioned knew nothing about a call for a cab.
The majority of the Commission held that Roundtree's death was compensable under the Positional Risk Doctrine;[1] that Roundtree *Page 811 
was exposed to the hazard of robbery or assault because of the nature of his employment; and, that his death would not have occurred except for the fact that his employment conditions placed Roundtree in the position where he was injured by a force neither personal to him nor associated with his employment. One of the cases relied on by the Commission in reaching its opinion is Big "2" Engine Rebuilders v. Freeman, 379 So.2d 888, 890, 891 (Miss. 1980) in which the Court stated:
 Mississippi Code Annotated section 71-3-3(b)(1972), provides in part:
 "Injury" means accidental injury . . . arising out of and in the course of employment . . . and also includes an injury caused by the wilful act of a third person directed against an employee because of his employment while so employed and working on the job. . . . [emphasis added].
 The statute employs inclusive, not exclusive, language and mandates recovery for injury caused by a third party whenever it can fairly be said that the employee was injured "because of" his employment. The words "because of," like the other broadly-construed words of causation with the act, such as "arising out of," express the necessity of a nexus between the injury and employment. The base line is simply a rational connection of employment and injury.
We are of the opinion that claimants presented facts from which the Commission could reasonably infer that Roundtree was engaged in defendant's business at the time of the attack, and his employment exposed him to the hazard of robbery or assault. The evidence was sufficient to show a rational connection between Roundtree's employment and his death.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.
[1] The positional risk doctrine is stated in 1 Larson's Workmen's Compensation Law, Section 11.11(a) (1978) as follows:
Since every jurisdiction now accepts, at the minimum, the principle that a harm is compensable if its risk is increased by the employment, the clearest ground of compensability in the assault category is a showing that the particular character of claimant's job or because of the special liability to assault associated with the environment in which he must work.
Among the particular jobs that have, for self-evident reasons, been held to subject an employee to a special risk of assault are . . . those jobs that specially expose the employee to lawless or irresponsible members of the public, . . . or that merely subject the employee to increased and indiscriminate contact with the public, such as the jobs of streetcar conductor, bus driver, taxi driver or hotel manager.